UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** | **CIVIL ACTION** |
| **V.** | **NO. 16-15830** |
| **SDT, INC. ET AL** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court are parties' cross-motions for summary judgment. R. Docs. 18, 21. The parties have filed responses in opposition. R. Docs. 34, 30. After hearing oral argument and reviewing the applicable law and the parties' briefs, the Court now issues this Order & Reasons.

**I.   BACKGROUND**

This case arises out of a contract dispute. Plaintiff Progressive Waste Solutions of LA, Inc. ("PWS") is a Delaware corporation that specializes in solid waste removal. 16-8669, R. Doc. 1 at 1–2. In early 2006, St. Bernard Parish Government ("St. Bernard") issued a Request for Proposals for Municipal Solid Waste Removal, Curb Side Pick Up. 16-8669, R. Doc. 1 at 2. SDT Waste & Debris Services, LLC, ("SDT") submitted a proposal, and on July 27, 2006, contractually agreed to provide solid waste removal services to St. Bernard. 16-8669, R. Doc. 1 at 2. On February 7, 2007, SDT entered into a Time Contract with St. Bernard regarding both curb side pick-up services and dumpster pick-up services. The Time Contract was set to commence on January 28, 2008, and terminate on January 27, 2014. 16-8669, R. Doc. 1 at 3. The Time Contract also provided SDT the option to extend the agreement through July 26, 2016. 16-8669, R. Doc. 1 at 3.

In June of 2011, SDT was purchased by IESI LA Corporation, which included the

1

transfer and assignment of the July 27, 2006 Agreement and the February 7, 2007 Time Contract. Despite the purported term of the Time Contract extending to at least January 27, 2014, St. Bernard told IESI that St. Bernard intended to terminate the contractual relationship. On December 5, 2011, St. Bernard sought bids for curb side pick-up services and dumpster pick up services. 16-8669, R. Doc. 1 at 3–4. On December 8, 2011, IESI filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, and Declaratory Judgment in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard. 16-8669, R. Doc. 1 at 4. The state court issued the preliminary injunction on December 14, 2011, and enjoined St. Bernard from requesting proposals for bids for solid waste collection. 16-8669, R. Doc. 1 at 4. One week later, the state court enjoined St. Bernard from entering into any new contract for the services currently being performed by IESI. 16-8669, R. Doc. 1 at 4.

IESI changed its name to Progressive Waste Solutions of LA, Inc. ("PWS") on January 12, 2012. In May of 2013, St. Bernard once again issued Requests for Proposals inviting vendors to submit proposals for the waste collection services provided by PWS. 16-8669, R. Doc. 1 at 4. In response, PWS filed a Motion for Contempt and a Second Supplemental and Amending Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Declaratory Judgment in state court on May 20, 2013. 16-8669, R. Doc. 1 at 4–5. The parties resolved their differences before the state court could rule. St. Bernard agreed to extend the Time Contract through December 31, 2020. PWS in turn reduced its rates from $20.00 per household per month to $15.50 per household. R. Doc. 1 at 5. Two months later, PWS and St. Bernard entered into a new Time Contract that extended PWS's provision of solid waste services until December 31, 2020.

On May 19, 2016, St. Bernard wrote to PWS stating that they intended to unilaterally terminate the solid waste services contract on July 6, 2016. St. Bernard provided two reasons for

2

the termination: (1) the St. Bernard Home Rule Charter prohibits contracts for services not covered by public bid law exceeding three years; and (2) PWS breached the contract by missing residential pickups. 16-8669, R. Doc. 1 at 1-7. PWS filed suit in response, requesting injunctive relief and a declaratory judgment. 16-8669, R. Doc. 1 at 7–9. PWS also sought damages for breach of contract, detrimental reliance, and deprivation of rights under color of law. 16-8669, R. Doc. 1 at 9–13.

In response, St. Bernard filed five counter claims against PWS. 16-8669, R. Doc. 35. In the first of these counterclaims, St. Bernard alleges a breach of contract claim for overbilling for the quantity of services performed from August 1, 2006 through December 31, 2012. 16-8669, R. Doc. 35 at 8-9. PWS seeks indemnification from the SDT Defendants in relation to the first counterclaim.

On October 25, 2016, PWS filed this case against SDT, Inc. and Sidney D. Torres, IV, ("SDT Defendants") seeking a declaratory judgment. No. 16-15830, R. Doc. 1. This case was originally consolidated with No. 16-8669, *Progressive Waste Solutions of LA, Inc. v. St. Bernard Parish Government*. PWS alleges that at on June 1, 2011 Torres owned 100% of SDT Waste & Debris Services, LLC ("SDT Waste & Debris), when IESI LA Corp, now known as PWS, entered a Purchase Agreement to acquire 100% ownership of SDT. According to the terms of that Agreement, SDT and Torres agreed to "indemnify, defend, protect and hold harmless" IESI or its successors from any losses, liabilities, or claims, including costs and expenses, sustained by IESI or a successor corporation as a result of any intentional misrepresentations or omissions by SDT or Torres in the Purchase Agreement. R. 1 at 4. Plaintiff alleges this includes an obligation to defend IESI in any proceeding that was instituted after June 1, 2011 if those claims arose out of any period time before June 1, 2011. R. Doc. 1 at 4.

According to Plaintiff, St. Bernard Parish has a current suit pending in this Court against

3

PWS as a result of SDT's overbilling between August 1, 2006 and December 31, 2012. Specifically, Plaintiff alleges that a dispute between SDT and St. Bernard arose regarding disposal costs, and while the SDT Defendants claim this dispute was resolved, St. Bernard Parish considered litigating these issues, and each party retained a forensic account in relation to these claims. Plaintiff avers they were not notified of this dispute in the Purchase Agreement. R. Doc. 1 at 6. Further, Plaintiff claims St. Bernard and SDT had another dispute regarding the appropriate number of units SDT should bill St. Bernard. R. Doc. 1 at 7. Plaintiff alleges that St. Bernard reduced its payments to SDT, while SDT continued to bill St. Bernard for the same amounts. The parties never resolved this dispute, and it was not disclosed to PWS at the time of the purchase. R. Doc. 1 at 7.

Plaintiff avers that each of the above disputes led to the lawsuit between PWS and St. Bernard, as St. Bernard seeks to recover payments made as a result of services SDT did, or did not, provide prior to June 1, 2011. R. Doc. 1 at 8. Further, Plaintiff alleges that Torres' threats of a lawsuit against Mr. Taffaro, St. Bernard Parish President, constitute a threat to institute a claim, as contemplated in the Purchase Agreement. R. Doc. 1 at 9. Because PWS was not notified of these potential claims and suits at the time of the sale, it now seeks a declaratory judgment that it is entitled to indemnification and defense costs for the portion of the St. Bernard counterclaim that arises from the actions of the SDT Defendants prior to June 1, 2011. R. Doc. 1 at 10. PWS submitted a demand letter to SDT reflecting such, and SDT responded that even if the claims fell within the terms of the indemnification provision, that provision expired four years after the sales date, and thus the indemnification provision no longer applies. R. Doc. 1-6. However, SDT agreed that if the St. Bernard claims are covered by Section 9.7 of the Purchase Agreement, which sets out SDT's ongoing duty to defend, than SDT would provide a defense—but not indemnification—for the relevant counterclaim. SDT explained it had retained counsel to

coordinate this defense. R. Doc. 1-6 at 2.

PWS argues that the temporal limitations do not apply to the indemnification agreement, and seeks a declaratory judgment from this Court as to its rights to defense and indemnification under the terms of the agreement. R. Doc. 1 at 13. Plaintiffs also seek attorney fees. R. Doc. 1 at 14.

On April 12, 2017, the Court held that Section 9.7 of the Purchase Agreement does not include a duty to indemnify. R. Doc. 119. The Court also held that if Defendants knew about the potential claims at the time of the agreement "and failed to disclose them to PWS, the four-year time limit would not apply, and PWS would be entitled to indemnity under Section 9.1." R. Doc. 119 at 15. Therefore, the present motion relates to the issue of whether Defendants knew about the potentials claims and disclosed them to PWS. On October 16, 2017, this consolidated case was severed from the original action. 16-8669, R. Doc. 153. This case, Progressive Waste Solutions of LA, Inc. v. SDT, Inc. et al, 16-15830, is set for trial on February 20, 2018. Trial in the severed case, Progressive Waste Solutions of LA, Inc. v. St. Bernard Parish Government, 16-8669, has been continued without date. R. Doc. 153.

## II. PRESENT MOTIONS

### A. PWS's Motion for Summary Judgment (R. Doc. 18)

Plaintiff PWS moves for summary judgment on its claim for declaratory relief. R. Doc. 18. PWS argues that this issue is ripe for summary judgment because there are no genuine issues of material fact. R. Doc. 18-1 at 1. PWS argues that Defendants knowingly failed to disclose the threat of claims to be brought by St. Bernard. R. Doc. 18-1 at 1. PWS argues that this failure triggers the defense and indemnification obligations under Section 9.1(a) of the Purchase Agreement between the parties. R. Doc. 18-1 at 1.

5

SDT responds in opposition to PWS's motion. R. Doc. 31. SDT argues that there is no dispute of genuine material fact that all potential or threatened claims by St. Bernard were disclosed prior the Purchase Agreement. R. Doc. 34 at 1-2. SDT argues that the dispute regarding use of the transfer station was resolved in 2008 well before the parties entered into the Purchase Agreement. R. Doc. 34 at 5. SDT then argues that the house count dispute was resolved in 2010 before the parties entered into the Purchase Agreement, but was also disclosed by both Torres and St. Bernard officials before the parties entered into the Purchase Agreement. R. Doc. 43 at 7, 9. SDT also argues that the dispute at the Parish Council Meeting was resolved the next day, was not hidden from PWS, and did not constitute a threatened claim. R. Doc. 43 at 9.

### B. SDT's Motion for Summary Judgment (R. Doc. 21)

Defendant SDT moves for summary judgment dismissing Plaintiff PWS's claim for declaratory judgment. R. Doc. 21. Defendant argues that it has satisfied the summary judgment standard and that there are no genuine issues of material fact regarding its alleged failure to disclose. R. Doc. 21 at 1. SDT argues that PWS is not entitled to indemnity under the Purchase Agreement because the claims were resolved prior to the agreement, SDT and Torres disclosed information about the disputes between Defendants and St. Bernard before entering the Purchase Agreement, and/or PWS's predecessor was aware of the disputes before entering the agreement. R. Doc. 21.

PWS responds in opposition to SDT's motion. R. Doc. 30. PWS argues that SDT failed to disclose the claims later brought by St. Bernard as counterclaims and that this failure was an omission entitling PWS to defense and indemnification. R. Doc. 30 at 1. PWS argues that any oral disclosure alleged by SDT does not meet the requirements for disclosure in the Purchase Agreement and should not be admitted under the parole evidence rule. R. Doc. 30 at 2-4. PWS further argues that the house count dispute was not resolved at the time the parties entered the

6

Purchase Agreement and that it should have been disclosed in that agreement. R. Doc. 30 at 5. Additionally, PWS alleges that SDT did not disclose other potential claims regarding St. Bernard's claims that SDT owed it money. R. Doc. 30 at 5. Therefore, PWS argues that SDT's motion for summary judgment should be denied.

## III.  LAW & ANALYSIS

### A.  Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*,

939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

**B.    Discussion**

The dispositive issues in the present motion are 1) whether the relevant disputes were resolved prior to the Purchase Agreement, 2) therefore, whether there were any disputes to disclose, and 3) if so, whether the disputes were adequately disclosed or whether PWS knew about the disputes without needing disclosure from Defendants. PWS claims that Defendants knew about unresolved, threatened claims and failed to disclose them. Defendants claim that PWS knew about all of the existing, unresolved claims and also about resolved claims. There are reasonable factual disputes as to each of these issues. Therefore, these issues are best put to a jury and summary judgment is not appropriate on either motion.

**IV.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff and Defendants' Motions for Summary Judgment, R. Docs. 18, 21, are **DENIED**.

New Orleans, Louisiana, this 21st day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE