UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC. | CIVIL ACTION |
| V. | NO. 16-15830 |
| SDT, INC. ET AL | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiff Progressive Waste Solution's motion to dismiss without prejudice. R. Doc. 63. Defendants Sidney Torres and SDT Waste & Debris Services, LLC have filed a response in opposition. R. Doc. 64. For the following reasons, the Court will **DENY** the motion.

### I. BACKGROUND

This case arises out of a contract dispute between Plaintiff Progressive Waste Solutions of LA, Inc. ("PWS") and Defendants Sidney Torres and SDT Waste & Debris Services, LLC, ("SDT"). On February 7, 2007, SDT entered into a Time Contract with St. Bernard Parish Government ("St. Bernard") for both curb side pick-up services and dumpster pick-up services. The Time Contract was set to commence on January 28, 2008 and terminate on January 27, 2014. 16-8669, R. Doc. 1 at 2–3. The Time Contract also provided SDT the option to extend the agreement through July 26, 2016. 16-8669, R. Doc. 1 at 3.

In June of 2011, IESI LA Corporation, now PWS, purchased SDT (the "Purchase Agreement"), which included the transfer and assignment of the July 27, 2006 Agreement and the February 7, 2007 Time Contract. According to the terms of the Purchase Agreement, SDT and Torres agreed to "indemnify, defend, protect and hold harmless" IESI or its successors from

1

any losses, liabilities, or claims, including costs and expenses, sustained by IESI or a successor corporation as a result of any intentional misrepresentations or omissions by SDT or Torres in the Purchase Agreement. R. 1 at 4. PWS alleges this obligation includes an obligation to defend IESI in any proceeding that was instituted after June 1, 2011 if those claims arose out of any period time before June 1, 2011. R. Doc. 1 at 4.

Despite the purported term of the Time Contract extending to at least January 27, 2014, St. Bernard informed IESI it intended to terminate their contractual relationship. On December 5, 2011, St. Bernard again sought bids for curb side pick-up services and dumpster pick up services. 16-8669, R. Doc. 1 at 3–4. On December 8, 2011, IESI filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, and Declaratory Judgment in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard. 16-8669, R. Doc. 1 at 4. The state court issued a preliminary injunction on December 14, 2011 and enjoined St. Bernard from requesting bids for solid waste collection. 16-8669, R. Doc. 1 at 4. One week later, the state court enjoined St. Bernard from entering into any new contract for the services currently being performed by IESI. 16-8669, R. Doc. 1 at 4.

On January 12, 2012, IESI changed its name to Progressive Waste Solutions of LA, Inc. ("PWS"). In May of 2013, St. Bernard again issued Requests for Proposals inviting vendors to submit proposals for the waste collection services being provided by PWS. 16-8669, R. Doc. 1 at 4. In response, on May 20, 2013, PWS filed a Motion for Contempt and a Second Supplemental and Amending Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, and Declaratory Judgment in state court. 16-8669, R. Doc. 1 at 4–5. Before the state court could rule on PWS's motion, St. Bernard agreed to extend the Time Contract through December 31, 2020 and, in turn, PWS reduced its rates from $20.00 per household per month to $15.50 per household. R. Doc. 1 at 5. Two months later, PWS and St. Bernard formally entered into a new

2

Time Contract that extended PWS's provision of solid waste removal services until December 31, 2020.

On May 19, 2016, St. Bernard wrote to PWS stating it intended to unilaterally terminate the solid waste services contract on July 6, 2016. St. Bernard provided two reasons for the termination: (1) the St. Bernard Home Rule Charter prohibits contracts for services not covered by public bid law exceeding three years and (2) alleging PWS breached the contract by missing residential pickups. 16-8669, R. Doc. 1 at 1-7. PWS filed suit in response, again requesting injunctive relief and a declaratory judgment. 16-8669, R. Doc. 1 at 7–9. PWS also sought damages for breach of contract, detrimental reliance, and deprivation of rights under color of law. 16-8669, R. Doc. 1 at 9–13. In response, St. Bernard filed five counter claims against PWS. 16-8669, R. Doc. 35. In the first of these counterclaims, St. Bernard alleged a breach of contract claim for overbilling for the quantity of services performed from August 1, 2006 through December 31, 2012. 16-8669, R. Doc. 35 at 8-9.

As a result of St. Bernard's counterclaims, on October 25, 2016, PWS filed the instant suit against SDT, Inc. and Sidney D. Torres, IV, (collectively "SDT") arguing that, because it was not notified of these potential claims and the suits that were pending at the time of the sale, PWS is entitled to indemnification, reasonable attorneys' fees, and defense costs for the portion of the St. Bernard counterclaim that arises from the actions of the SDT Defendants prior to June 1, 2011 and seeking a declaratory judgment that SDT owed PWS indemnification and defense costs in relation to St. Bernard's breach of contract counterclaim. No. 16-15830, R. Doc. 1 at 10, 13.[1] Meanwhile, PWS retained counsel to defend against the St. Bernard counterclaim and advised SDT that it would seek reimbursement of attorneys' fees and costs for the defense

---

[1] This case was originally consolidated with No. 16-8669, *Progressive Waste Solutions of LA, Inc. v. St. Bernard Parish Government*. On October 16, 2017, this consolidated case was severed from the original action. 16-8669, R. Doc. 153.

pursuant to their defense obligations under the terms of the Purchase Agreement. R. Doc. 63-4.

On April 12, 2017, this Court held that, if Defendants knew about the potential claims at the time of the agreement "and failed to disclose them to PWS, the four-year time limit would not apply, and PWS would be entitled to indemnity under Section 9.1." R. Doc. 119 at 15. On December 21, 2017, the Court denied PWS and SDT's cross-motions for summary judgment on the issues of: (1) whether the relevant disputes were resolved prior to the Purchase Agreement, (2) therefore, whether there were any disputes to disclose, and (3) if so, whether the disputes were adequately disclosed or whether PWS knew about the disputes without needing disclosure from Defendants, finding that there were reasonable factual disputes as to each of these issues, making summary judgment inappropriate. R. Doc. 37 at 8. PWS and SDT both appealed the Court's December 21, 2017 order to the Fifth Circuit. R. Docs. 38, 39, 42, 43, 46.

On May 15, 2018, the Court held a successful settlement conference between St. Bernard, PWS, and SDT. No. 16-8669, R. Doc. 171; No. 16-15830, R. Doc. 60.[2] R. Doc. 63-13–4. On May 17, 2018, the Court dismissed the instant matter without prejudice and without costs and retained jurisdiction to reopen the action if the settlement was not consummated in sixty days. R. Docs. 60, 61. As a result of the settlement, the parties voluntarily dismissed their appeal before the Fifth Circuit. R. Doc. 62. On June 22, 2018, the Court dismissed with prejudice the companion case to the instant matter, *Progressive Waste Solutions of LA, Inc. v. St. Bernard Parish Government*, as the parties, St. Bernard and PWS, "represent[ed] to the Court that [they] had] resolved any and all claims asserted herein and/or that could have been asserted herein."

---

[2] The entry on the docket related to the instant matter, No. 16-15830, indicates negotiations were successful, and that a settlement was reached in the instant matter on May 15, 2018; thus the Court dismissed the case without costs and without prejudice, reserving the right of either party "upon good cause shown, to reopen the action or to seek summary judgment enforcing the compromise if settlement is not consummated within sixty (60) days." *See* R. Doc. 60, 61. In the related matter, No. 16-8669, following the May 17, 2018 settlement negotiations, the Court dismissed the case with prejudice on June 22, 2018, as the parties, St. Bernard and PWS, "represent[ed] to the Court that [they] had] resolved any and all claims asserted herein and/or that could have been asserted herein." R. Docs. 172, 174.

No. 16-8669, R. Docs. 172, 174. No. 16-8669, R. Doc. 174.

On July 2, 2018, PWS filed the motion presently before the Court seeking a dismissal of the instant action specifically reserving PWS's "rights to pursue claims not litigated herein," specifically a defense cost claim, and moves the Court to "enter an order of dismissal recognizing that fact." R. Doc. 63-1 at 1. The SDT Defendants filed their motion in opposition on July 17, 2018. R. Doc. 64.

## II.     PRESENT MOTION

### A.     Plaintiff PWS's Motion for to Dismiss Without Prejudice (R. Doc. 63)

PWS submits the claims asserted in its complaint for declaratory judgment have been rendered moot by the settlement reached in the companion case, *Progressive Waste Solutions of LA, Inc. v. St. Bernard Parish Government*, No. 16-8669. R. Doc. 63-1 at 1. Essentially, PWS contends that, because prior to PWS's filing the instant suit, SDT agreed it owed PWS a defense—but not indemnity—for St. Bernard's counterclaims, PWS sought a declaration that the Agreement did in fact require SDT to indemnify PWS and that because PWS settled its dispute with St. Bernard, the issue of indemnity is moot.[3] SWB contends, however, that it nevertheless incurred attorneys' fees in conjunction with defending the lawsuit against St. Bernard and seeks a dismissal of its claims against SDT without prejudice specifically reserving PWS's right to seek defense costs in the future. Ultimately, PWS argues that, because it "did not assert [a] defense cost claim in the instant matter," "a dismissal without prejudice should not preclude PWS from asserting the defense cost claim in the future." R. Doc. 63-1.

---

[3] Prior to filing suit, PWS claims it submitted a demand letter to SDT seeking indemnification and defense costs, to which SDT responded, stating that, even if the claims fell within the terms of the indemnification provision, the provision expired four years after the sale date and thus the indemnification provision no longer applies. R. Doc. 1-6. However, SDT agreed that the St. Bernard claims were covered by Section 9.7 of the Purchase Agreement, which sets out SDT's ongoing duty to defend, and that therefore SDT would provide a defense—but not indemnification—for the relevant counterclaim. Despite this concession, which SDT does not deny, PWS included a claim seeking enforcement of Section 9.7 of the Purchase Agreement in its complaint against SDT. R. Doc. 1 at 14.

5

### B. Defendants SDT, Inc. and Sidney D. Torres' Opposition (R. Doc. 64)

SDT opposes the motion and contends that during the settlement negotiations, PWS "did not retain any right to assert any claim" and that "PWS's right to assert a defense cost claim against the SDT Defendants in a separate pleading should not be countenanced." R. Doc. 64 at 4. First, SDT argues the matter of defense costs in connection with the litigation against St. Bernard was contemplated by the parties and the Court during the May 15, 2018 settlement negotiations. Second, SDT submits that, contrary to PWS's argument, PWS's complaint against SDT *did* include a demand for defense costs and that "[t]o the extent that PWS argues that this issue was not before the Court, if it could have been brought or was brought, it has been dismissed by the Court's May 17 Order of Dismissal." *Id.* at 2. Ultimately, SDT contends that, because PWS did in fact bring a defense cost claim against SDT, and "the settlement of any and all claims was clearly contemplated by the Court, as there is no mention whatsoever in the Magistrate Judge's Minute Entry or subsequent Order of Dismissal which reserves any such rights to pursue other claims," PWS cannot now reserve its previously dismissed claims for later pursuit. *Id.* at 3.

### III. ANALYSIS

Relevant to the instant matter, the Purchase Agreement between PWS and SDT includes two clauses, one for indemnification and another for defense costs. Specifically, Section 9.7(d) of the Purchase Agreement states, "Sellers agree to pay for any costs incurred in connection with the defense of the Existing Claims, including any fines, orders, interests, penalties, settlement amounts or other damages payable in connection therewith." R. Doc. 1-1 at 49. In its prayer for relief, PWS specifically sought a declaration that:

(1) *the Agreement requires SDT and Torres to defend PWS from the Counterclaim* and indemnify PWS for any amounts PWS pays in settlement of the Counterclaim, or for which PWS is cast in Judgment as a result of the Counterclaim, for the acts and/or omissions of SDT Waste & Debris prior to June 1, 2011 as required by Section 9.1(a) of the Agreement; and/or . . . .
(2) *that the Agreement requires SDT and Torres to defend PWS from the Counterclaim*

6

and reimburse PWS for any amounts PWS pays in settlement of the Counterclaim, or for which PWS is cast in Judgment as a result of the Counterclaim, for the acts and/or omissions of SDT Waste & Debris prior to June 1, 2011 *as required by Section 9.7(d) of the Agreement.*

R. Doc. 1 at 14 (emphasis added). Thus, contrary to PWS's argument, PWS clearly brought a claim for defense costs in its complaint. On May 17, 2018, the Court issued a minute entry, noting that the parties had settled the dispute. R. Doc. 60. Accordingly, on May 17, 2018, the Court, "[h]aving been informed that all of the parties to this action have firmly agreed upon a compromise," dismissed the action "without cost and without prejudice to the right, upon good cause shown, to reopen the action or to seek summary judgment enforcing the compromise if settlement is not consummated within sixty (60) days." R. Doc. 61. Because PWS clearly alleged SDT owed PWS both indemnity *and* defense costs, and the settlement reached during the May 17, 2018 settlement conference resolved all claims, which included PWS's claim for defense costs, the Court will deny PWS's motion seeking to dismiss the case without prejudice reserving PWS's right to bring an action against SDT for defense costs.

## IV. CONCLUSION

Because, contrary to its assertion, PWS clearly alleged SDT owed PWS both indemnity *and* defense costs, and the settlement reached during the May 17, 2018 settlement conference resolved all claims;

**IT IS ORDERED** that Plaintiff Progressive Waste Solution's motion to dismiss without prejudice, R. Doc. 63, be and hereby is **DENIED**.

New Orleans, Louisiana on this 11th day of February, 2019.

Eldon E. Fallon
U.S. District Court Judge